IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCH SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>A. SAAD CONTRACTING INC.,<br><br>Defendant. | Civil Action No.<br><br><br><br>COMPLAINT |

Plaintiff Arch Specialty Insurance Company by way of Complaint against Defendant A. Saad Contracting Inc., states as follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff Arch Specialty Insurance Company ("Arch") is an insurance company organized under the laws of the State of Missouri with a principal place of business at 300 Plaza Three, Jersey City, New Jersey 07311. Arch is authorized to transact business in the State of New York.

2. Defendant A. Saad Contracting Inc. ("A. Saad") is a corporation organized under the laws of the State of New York with a principal place of business at 283 Devoe Avenue, Yonkers, New York 10705.

3. The amount in controversy between the parties is in excess of $75,000.

4. Jurisdiction is based on diversity of citizenship under 28 U.S.C. §1332.

## COUNT ONE
(Breach of Contract)

5. Arch repeats, restates and realleges the allegations of Paragraphs 1 through 4 as if fully set forth herein.

6. Arch issued a policy of commercial general liability insurance to A. Saad under Policy No. AGL005182-00, for the effective dates of October 11, 2013 through October 11, 2014 (the "Policy").

7. The Policy is an insurance contract which provides insurance coverage for certain liabilities of A. Saad, as set forth in the Policy, in exchange for premiums.

8. Arch fulfilled its contractual obligations and provided the coverage afforded by the Policy.

9. Pursuant to the terms of the Policy, the initial premiums were based on information submitted by A. Saad and/or its insurance broker regarding A. Saad's estimated exposure for the effective dates of coverage.

10. Since initial premiums are based on estimated information, the Policy is subject to audit based on the actual exposure during the effective dates of coverage. The audit can result in additional premiums due to the insurer from the insured or return of premiums due to the insured from the insurer.

11. The audit of the Policy produced additional premiums of $89,219.00 owed by A. Saad to Arch.

12. A. Saad failed and refused to remit payment of the $89,219.00 owed to Arch pursuant to the terms of the Policy.

13. Arch billed and/or issued demands for payment for the outstanding amount to A. Saad in a timely fashion.

14. A. Saad is also obligated to pay a New York Surplus Lines Tax and a New York State Stamping Fee equal to 3.6% and 0.2% of the additional premiums, respectively. This generated an

additional $3,211.88 ($89,219.00 x 0.036) in taxes and $178.44 ($89,219.00 x 0.002) in fees owed by A. Saad.

15. A. Saad has failed and refused to remit payment of the $92,609.32 ($89,219.00 + $3,211.88 + $178.44) which it owes to Arch pursuant to the terms of the Policy. Through its failure and refusal to remit payment, A. Saad breached the contract between A. Saad and Arch, i.e. the Policy.

16. Arch, on numerous occasions prior to filing the instant litigation, demanded payment of the $92,609.32 owed by A. Saad and attempted to collect same without success.

17. A. Saad has failed, refused and continues to refuse to pay the balance due and owing to Arch thereby causing Arch to suffer damages in the amount of $92,609.32, plus interest, attorney's fees and litigation costs.

**WHEREFORE**, Arch demands judgment against A. Saad in the amount of $92,609.32 as compensatory damages, together with interest, attorney's fees, costs of suit, and such further relief as this Court deems just and proper.

### COUNT TWO
(Unjust Enrichment)

18. Arch repeats, restates and realleges the allegations of Paragraphs 1 through 17 as if fully set forth herein.

19. Arch has provided insurance coverage and related services to A. Saad for which A. Saad has refused to pay and has been unjustly enriched thereby.

20. Arch has repeatedly demanded that A. Saad remit payment of the amount due and owing to Arch.

21. A. Saad has failed, refused and continues to refuse to pay the balance due and owing to Arch thereby causing Arch to suffer damages in the amount of $92,609.32, plus interest, attorney's fees and costs.

WHEREFORE, Arch demands judgment against A. Saad in the amount of $92,609.32 as compensatory damages, together with interest, attorney's fees, costs and expenses of suit, and such further relief as this Court deems just and proper.

## COUNT THREE
(Account Stated)

22. Arch repeats, restates and realleges the allegations of Paragraphs 1 through 21 as if fully set forth herein.

23. A. Saad, being indebted to Arch in the sum of $92,609.32 upon an account stated between them, promised to pay Arch said sum on demand.

24. Arch, has repeatedly demanded that A. Saad remit payment for the amount owed to Arch. A. Saad, however, has failed and refused to remit payment.

25. A. Saad's failure and refusal to pay the acknowledged balance due and owing to Arch has caused Arch to suffer damages in the amount of $92,609.32, plus interest, attorney's fees and costs.

WHEREFORE, Arch demands judgment against A. Saad in the amount of $92,609.32 as compensatory damages, together with interest, attorney's fees, costs of suit, and such further relief as this Court deems just and proper.

New York, New York
Dated: October 17, 2016

BRESSLER, AMERY & ROSS, P.C.
Attorneys for Plaintiff
Arch Specialty Insurance Company

By: _____
Evan Yablonsky